IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME JUNIOR WASHINGTON,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>SUPERINTENDENT ROBERT  )<br>GILMORE, *et al.*,  )<br>  )<br>  Defendants.  ) | Civil Action No. 17-988<br><br>Senior District Judge Joy Flowers Conti<br>Magistrate Judge Lisa Pupo Lenihan |

**MEMORANDUM OPINION**

**I.   Introduction**

Currently pending before the court is a motion for summary judgment (ECF No. 104) filed by defendants Sedlock, Colgan, Braunlich and Morris (collectively "defendants"), and a motion for summary judgment (ECF No. 126) filed by plaintiff Jerome Junior Washington ("Washington" or "plaintiff"). Both motions were referred to a United States Magistrate Judge in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges.

**II.   Procedural History**

On May 12, 2020, the magistrate judge filed a Report and Recommendation ("R&R") wherein she recommended the court: (1) grant the motion for summary judgment (ECF No. 104) filed by defendants Sedlock, Colgan, Braunlich and Morris because Washington filed prematurely this lawsuit and failed to exhaust his administrative remedies; (2) deny Washington's motion for summary judgment (ECF No. 126) to the extent that it is not construed merely as a response in opposition to defendants' motion for summary judgment; and (3) grant

summary judgment *sua sponte* to defendant Toma because Washington failed to exhaust his administrative remedies. (ECF No. 133.) The magistrate judge explained that Washington could come forward with evidence in his objections to the R&R to show that he properly exhausted his administrative remedies before filing this lawsuit against Toma.

The parties were served with the R&R and advised that the deadline to file written objections to it was May 26, 2020 for registered ECF users, and May 29, 2020 for unregistered ECF users.  On July 29, 2020, after no objections were received, the court entered an order granting the defendants' motion for judgment, denying Washington's motion for summary judgment, and adopting the R&R as the opinion of the court.  (ECF No. 135.)  On August 21, 2020, however, Washington filed a motion for reconsideration arguing that he was never provided with a copy of the R&R, and, thus, did not have an opportunity to object to it.  (ECF No. 139.)  This court granted Washington's motion for reconsideration, vacated judgment, and reopened the time for Washington to file objections to the R&R.  (ECF No. 146.)  Washington filed timely objections to the R&R, which were docketed on December 15, 2020.  (ECF No. 149.)

### III.    Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this court must make a *de novo* determination of those portions of the R&R to which objections were made.  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The court may also recommit the matter to the magistrate judge with instructions.

### IV.    Discussion

The magistrate judge recommended that this case be dismissed because, among other reasons, it was filed prematurely, i.e., before Washington exhausted his administrative remedies.

The Third Circuit Court of Appeals has instructed that "[i]f exhaustion is not complete ***at the time of filing***, dismissal is mandatory." <u>Victor v. Lawler</u>, 565 F. App'x 126, 129 (3d Cir. 2014) (citing <u>Johnson v. Jones</u>, 340 F.3d 624, 627 (8th Cir. 2003) (emphasis added)).[1] Here, Washington filed his grievance at issue in this case—*at the very earliest*—on the date he dated it, i.e., July 18, 2017, and, his grievance was processed two days later, i.e., July 20, 2017. (ECF No. 107-2, p.6.) Under the prisoner mailbox rule, Washington initiated this lawsuit on July 25, 2017. (ECF Nos. 1, 1-1.)  As the magistrate judge explained, a prison has "15 working days" to provide a prisoner a response to his grievance. (ECF No. 133 at 8-9.) Fifteen "working days"[2] after July 18, 2017, is August 8, 2017. Washington, therefore, filed this lawsuit ***before*** the prison had the opportunity to complete its investigation of his grievance. Thus, as the magistrate judge found, Washington filed prematurely this lawsuit and ***dismissal is mandatory***. <u>Victor</u>, 565 F. App'x at 129.

---

[1]    In <u>Fletcher v. Connections CSP</u>, No. CV 17-669 (MN), 2020 WL 5350262, at *8 (D. Del. Sept. 4, 2020), the court explained:

> "If exhaustion is not complete at the time of filing, dismissal is mandatory." <u>See Victor v. Lawler</u>, 565 F. App'x 126, 129 (3d Cir. 2014); <u>Wallace v. Miller</u>, 544 F. App'x 40, 42 (3d Cir. 2013) ("Any efforts that [plaintiff] has made to exhaust his administrative remedies after August 15, 2011, the date he filed his complaint, are not relevant."); <u>Nifas v. Beard</u>, 374 F. App'x 241, 245 (3d Cir. 2010) ("[B]ecause exhaustion was not completed by the commencement date of the lawsuit, the Magistrate Judge properly granted summary judgment and dismissed the ... claims for failure to comply with 42 U.S.C. § 1997e(a)."); Banks v. Roberts, 251 F. App'x 774, 776 (3d Cir. 2007) ("A prisoner may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies after initiating suit in federal court."); Oriakhi v. United States, 165 F. App'x 991, 993 (3d Cir. 2006) (per curiam) ("Indeed, there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court.").

[2]    "Per the DC-ADM 804 Inmate Grievance System Policy effective May 1, 2015, working days are equivalent to business days and exclude state holidays." <u>Downey v. Pa. Dep't of Corr.</u>, 968 F.3d 299, 306 (3d Cir. 2020).

3

Washington in his objections to the R&R for the ***first time*** argues, however, that he did not receive notice from the prison that his grievance was denied, and, thus, he should be excused from the mandatory exhaustion requirements because the grievance procedure was unavailable to him. There are two faults with Washington's argument. First, the law is clear that a prisoner must exhaust his administrative remedies ***before*** filing a lawsuit in the district court. "The Prison Litigation Reform Act ("PLRA") prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials "*until* such administrative remedies as are available are exhausted.'" Oriakhi v. United States, 165 F. App'x 991, 993 (3d Cir. 2006) (quoting 42 U.S.C. § 1997e(a) (emphasis in original)). "[T]he district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory." Johnson, 340 F.3d at 627. "A prisoner may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies after initiating suit in federal court." Jenkins v. Dancha, 723 F. App'x 174, 175 (3d Cir. 2018). These rules are strictly applied.

For example, in Victor, the plaintiff-prisoner argued that the prison's grievance system was unavailable to him because the prison did not inform him that it completed its investigation of his grievance; rather, he learned that the prison completed its investigation of his grievance during discovery in the case pending before the district court. Victor, 565 F. App'x at 129-30. The Third Circuit Court of Appeals held that the prisoner's allegations that the grievance procedure was unavailable to him did "not excuse the fact that he filed his complaint prematurely" and affirmed the district court's decision to enter judgment in favor of the defendants and against the prisoner. Id. Here, Washington filed his complaint in this case *before* the prison had an opportunity to complete its investigation of the grievance and respond to it.

Under those circumstances, and despite Washington's allegations that the grievance procedure was unavailable to him because the prison did not inform him that his grievance was denied, his complaint was filed prematurely and must be dismissed.

The second fault in Washington's argument that he should be excused from exhausting his administrative remedies is that he did not argue to the magistrate judge that the grievance procedure was unavailable to him. In other words, Washington raises that argument for *the first time* before this court. This court has explained:

> "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir.1996). Accord Ward v. United States, 208 F.3d 216 (Table), 2000 WL 282648, at *1 (6th Cir.2000); Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638–39 (9th Cir.1988) (district court properly ruled that issues raised for the first time in objections to magistrate's report had been waived), overruled on other grounds, United States v. Hardesty, 977 F.2d 1347, 1348 (9th Cir.1992); Hubbard v. Pleasant Valley School Dist., No. Civ. A. 3:03–797, 2006 WL 42093 (M.D.Pa., Jan.6, 2006). Were the rule otherwise, it would reduce the proceedings before the magistrate judge to a mere dress rehearsal, which is contrary to the very reason for having magistrate judges. See, e.g., De Cuir v. County of Los Angeles, 223 F. App'x 639, 641 (9th Cir.2007) ("The district court did not abuse its discretion in declining to consider evidence De Cuir presented for the first time in his objections to the magistrate judge's report recommending summary judgment for defendants."). Indeed, "[f]or the district judge to review new evidence or arguments [raised in objections] 'would reduce the magistrate's work to something akin to a meaningless dress rehearsal.' " In re Consolidated RNC Cases, 05 Civ. 1564, 2009 WL 130178, at *10 (S.D.N.Y., Jan.8, 2009) (quoting Wong v. Healthfirst, Inc., No. 04 Civ. 10061, 2006 WL 2457944, at *1 (S.D.N.Y. Aug. 23, 2006) (some internal quotation marks omitted)).

Kightlinger v. Pa., No. CIV.A. 11-936, 2013 WL 4504382, at *2 (W.D. Pa. Aug. 22, 2013).[3]

---

[3] The principles articulated by this court in Kightlinger are in accord with the purpose of the Federal Magistrate Act, which is to "'relieve courts of unnecessary work and to improve access to the courts.'" Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998), as amended (Sept. 8, 1998) (quoting Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)). The Third Circuit Court of Appeals has explained:

Washington did not raise these issues before the magistrate judge or explain the reason for his belated argument. Beginning in approximately January 2020—when defendants filed their brief in support of their motion for summary judgment (ECF No. 105 at 5), concise statement of facts (ECF No. 106 ¶¶ 27-29), and appendix (ECF No. 107-2 at 8, 10)—Washington was on notice that defendants argued they were entitled to judgment as a matter of law because the prison *in accordance with its procedures* denied Washington's grievance and he failed to exhaust his administrative remedies by appealing the prison's decision. After defendants filed their summary judgment submissions, but before the magistrate judge issued the R&R, Washington filed several documents with the court related to his motion for summary judgment. Yet, Washington did not argue before the magistrate judge that the prison failed to provide him notice that it denied his grievance.

In Washington's motion for summary judgment filed on February 19, 2020, he thoroughly addressed defendants' argument that he failed to exhaust his administrative remedies prior to filing this lawsuit. (ECF No. 126 at 3-8.) He made several arguments about why he believed that he did not have to exhaust his claim and why he believed that he fully exhausted his administrative remedies. Washington, however, did not argue in his motion for summary

---

"The Act is designed to relieve the district courts of certain subordinate duties that often distract the courts from more important matters." Peretz v. United States, 501 U.S. 923, 935, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991) (citing legislative history); see also Government of the Virgin Islands v. Williams, 892 F.2d 305, 311 (3d Cir.1989). The Act furthers this goal by permitting district judges to delegate certain matters to magistrate judges. Peretz, 501 U.S. at 935 n. 9, 111 S.Ct. 2661 (quoting legislative history).

Id. Pursuant to Local Rule 10(E) of the Local Rules of Court for the Western District of Pennsylvania, magistrate judges are delegated the power to manage pro se prisoner civil rights actions by, among other things, "deciding non-dispositive motions and submitting reports and recommendations on the petition and on dispositive motions…." LCvR 10(E).

judgment that defendants or the prison failed to provide him notice that his grievance was denied. Washington in his objections does not provide this court any reason for his belated argument or failure to raise this argument before the magistrate judge. Under those circumstances, even if this case was timely filed and not subject to dismissal, the court would not consider Washington's argument that he did not receive notice that his grievance was denied as a proper basis upon which to object to the R&R; otherwise, the many proceedings before the magistrate judge would be reduced "to a mere dress rehearsal, which is contrary to the very reason for having magistrate judges." Kightlinger, 2013 WL 4504382, at *2.[4]

---

[4] Several courts of appeals have held that "an unsuccessful party is not entitled as of right to de novo review by the [district] judge of an argument never seasonably raised before the magistrate [judge]." Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988); see also Madol v. Dan Nelson Auto. Group., 372 F.3d 997, 1000 (8th Cir. 2004) (party must present all claims to the magistrate judge to preserve them for review); Walker v. Sinson, 205 F.3d 1327 (2d Cir. 2000) (district court did not abuse its discretion in refusing to consider defense not raised before the magistrate judge); Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (finding that the Magistrate Judge Act "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate); Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived[.]"); Cupit v. Whitley, 28 F.3d 532, 535 & n.5 (5th Cir. 1994) (arguments not presented before the magistrate judge are deemed waived); but see United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992) (district court must consider all arguments, regardless of whether they were raised before the magistrate judge). Other courts have held that the district court has discretion to consider arguments raised for the first time in a party's objections. See Williams v. McNeil, 557 F.3d 1287, 1289 (11th Cir. 2009) (holding that district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge but, rather, was first raised in the party's objections to the magistrate judge's report and recommendation); United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000) (a district court "is not required to[] consider evidence presented for the first time in a party's objection to the magistrate judge's recommendation.").

The Third Circuit Court of Appeals does not appear to have definitely addressed this issue, but courts within this circuit deem such arguments waived. See, e.g., Hawes v. Mahalley, No. 2:17-cv-5316, 2020 WL 1508267 (E.D. Pa. Mar. 30, 2020) ("It is well settled that arguments cannot be raised for the first time in an objection to a Magistrate Judge's report and recommendation; rather, any such arguments are deemed waived."); McClung v. 3M Company,

Finally, the court notes that while Washington complained about Colgan in the grievance that he filed about the events of July 13, 2017, and for which he now claims the prison did not provide him notice of denial, he did not complain about the actions of the other defendants in that grievance. (ECF No. 107-2 at 6.) Under those circumstances, even if his failure to properly exhaust his administrative remedies with respect to Colgan is excusable, he did not exhaust his administrative remedies with respect to the other defendants[5] and this case should be dismissed against them on that basis.

**V. Conclusion**

For all these reasons, Washington's objections will be overruled and the court will adopt the R&R—as supplemented herein—as the opinion of the court. The motion for summary judgment filed by defendants will be granted and judgment will be entered in their favor and against Washington. Judgment will also be entered in favor of Toma and against Washington for

---

No. 16-2301, 2019 WL 4668053, at *7 (D.N.J. Sept. 25, 2019) ("It is axiomatic that a party who fails to properly assert an argument before the magistrate judge cannot raise it for the first time on an objection to an R&R"); Vonville v. Kerestes, No. 3:14-CV-1582, 2019 WL 1040747, at *12 (M.D. Pa. Mar. 5, 2019) ("It is well-settled that 'issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.'"); Adkins v. Wetzel, No. 13-3652, 2014 WL 4088482, at *3 (E.D. Pa. Aug. 18, 2014) ("[N]ew issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge.")

[5]    The magistrate judge instructed Washington to present evidence to this court that he exhausted his administrative remedies with respect to Toma or the court may sua sponte enter summary judge in favor of Toma. In Washington's objection to the R&R, he did not provide any evidence to show that he exhausted his administrative remedies before filing this lawsuit against Toma. The sua sponte grant of summary judgment in favor of Toma and against Washington, which was recommended by the magistrate judge, is, therefore, appropriate. See (ECF No. 133 at 17 n.6 (setting forth the standards for the court to apply to sua sponte grant summary judgment) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986); Toney v. Bledsoe, 427 F. App'x 74, 78 (3d Cir. 2011); Gibson v. Mayor & Council of Wilmington, 355 F.3d 215, 222 (3d Cir. 2004); Chambers Dev. Co. v. Passaic Cnty. Utils. Auth., 62 F.3d 582, 584 n.5 (3d Cir. 1995).)

the reasons set forth in this memorandum opinion. The motion for summary judgment filed by Washington will be denied.

An appropriate order and judgment will be entered.

By the court,

Dated: February --, 2021         **/s/ JOY FLOWERS CONTI**
Joy Flowers Conti
Senior United States District Judge


Cc:   Jerome Junior Washington
      HV-0282
      SCI Rockview
      1 Rockview Place
      Bellefonte, PA  16823

      Counsel of record
      (Via CM/ECF electronic mail)