IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME JUNIOR WASHINGTON,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>SUPERINTENDENT ROBERT<br>GILMORE, *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No. 17-988<br><br>Senior District Judge Joy Flowers Conti<br>Magistrate Judge Lisa Pupo Lenihan |

## MEMORANDUM OPINION

On February 23, 2021, this court entered judgment in favor of defendants Sedlock, Colgan, Braunlich, Morris, and Toma (collectively "defendants") and against pro se plaintiff Jerome Junior Washington ("Washington"). (ECF No. 152.) The court in a memorandum opinion accompanying the judgment explained, among other things, that Washington prematurely filed this case, and, therefore, dismissal was mandatory. (ECF No. 150 at 3 (citing Victor v. Lawler, 565 F. App'x 126, 129 (3d Cir. 2014).) On March 5, 2021, Washington filed "objections" to the court's memorandum opinion. (ECF No. 153.) The court construes[1] Washington's "objections" as a motion for reconsideration of the court's memorandum opinion and accompanying order (ECF No. 151) and judgment.

A motion for reconsideration with respect to a final order or judgment must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). The purpose of such a motion is "to correct

---

[1] In cases involving pro se litigants, the court must liberally construe submissions. Hodson v. Alpine Manor, Inc., 512 F.Supp.2d 373, 384 (W.D. Pa. 2007) (citing Haines v. Kerner, 404 U.S. 519 (1972)). Submissions are read to "raise the strongest arguments suggested therein." Id. (citing Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

manifest errors of law or fact or to present newly discovered evidence." Bootay v. KBR, Inc., 437 F. App'x 140, 146-47 (3d Cir. 2011) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). A motion for reconsideration is not to be used to relitigate or "rehash" issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made. Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998); Keyes v. Nat'l R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D. Pa. 1991). To be successful on a motion for reconsideration, the movant must demonstrate a "definite and firm conviction that a mistake has been committed," or that the court overlooked arguments that were previously made. United States v. Jasin, 292 F.Supp.2d 670, 676 (E.D. Pa. 2003).

This court in its memorandum opinion dated February 23, 2021, explained, among other things, that defendants were entitled to summary judgment because Washington prematurely filed this case, i.e., he initiated this lawsuit *before* the prison by which the defendants are employed had the opportunity to complete its investigation of his grievance related to this case. (ECF No. 150 at 2-3.)  In other words, Washington initiated this lawsuit before he exhausted his administrative remedies. (Id.) The best understanding the court has about Washington's "objections" is that he is arguing he was not required to exhaust his administrative remedies prior to seeking a preliminary injunction or temporary restraining order ("TRO") in this case. (ECF No. 153 at 3 ("[A]n emergency injunction & a restraining order can be filed before an [sic] grievance process is complete.") Washington's argument, however, lacks merit. Courts have recognized that "'[a] plaintiff is required to exhaust administrative remedies before seeking a TRO or a preliminary injunction, just as he is required to do before seeking other remedies covered by the PLRA.'" Clay v. Esparza, No. 20-3220-SAC, 2020 WL 6117856, at *5 (D. Kan. Oct. 16, 2020) (quoting Nellson v. Barnhart, 454 F. Supp. 3d 1087, 1092 (D. Colo. 2020) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) ("When a prison inmate seeks injunctive relief, a court not need ignore the inmate's failure to take advantage of adequate prison procedures, and an inmate who needlessly bypasses such procedures may properly

be compelled to pursue them.")). Thus, Washington's request for injunctive relief and a TRO in this case does not excuse him from exhausting his administrative remedies and allowing the prison the statutorily-provided time to respond to his grievance before filing suit. Under those circumstances, Washington is not entitled to reconsideration of this court's order and judgment.

Washington in his "objections" also asserts that "DOC employees have been obstructing inmate grievances statewide for decades." (ECF No. 153 at 3.) To the extent Washington is arguing that the grievance system was unavailable to him with respect to his claims in this case, this court already rejected that argument. This court explained that in accordance with Victor, a prisoner's allegations that the grievance procedure was unavailable to him did "'not excuse the fact that he filed his complaint prematurely[.]'" (ECF No. 150 at 4-5.) Similarly, here, Washington's belated allegations that the grievance system was unavailable to him do not excuse his premature filing of this case. Thus, Washington's arguments about the availability of the prison's grievance system do not warrant the court's reconsideration of its decision to grant summary judgment in favor of defendants and to close this case.

The court having found no basis to reconsider its decision to enter judgment in favor of defendants and against Washington will deny the "objections," which are construed as a motion for reconsideration. An appropriate order will be entered.

By the court,

Dated: March 18, 2021

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge

Cc:   Jerome Junior Washington
      HV-0282
      SCI Rockview
      1 Rockview Place
      Bellefonte, PA  16823

      Counsel of record
      (Via CM/ECF electronic mail)